IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDUARDO PERALES SONERA,

    Petitioner,

    v.

WARDEN FRANCISCO RIVERA MAYOR et als.,

    Respondents.

CIVIL NO.: 09-1005 (MEL)

**OPINION AND ORDER**

On March 17, 2011, petitioner Eduardo Perales Sonera was granted until March 31, 2011: (1) to amend the habeas corpus petition in order to reflect the name of the current Attorney General of Puerto Rico and have summons issued accordingly; (2) to provide the court with a copy of the search warrant that allegedly was unsigned and lacked a description of the address where the property in controversy was located; and (3) to submit a copy of the sheet test where petitioner's signature was allegedly forged. (Docket No. 24). Petitioner did not comply with this order.

On June 3, 2011, the court ordered petitioner to show cause by June 15, 2011 as to why this case should not be dismissed for lack of prosecution in light of his failure to comply with the previous order entered on March 17, 2011. (Docket No. 25). As of today, petitioner, who appears to have already served his sentence (see Docket No. 26-1), has failed to comply with this order.

Dismissal for want of prosecution is a harsh sanction "which should only be employed when the district court, in the careful exercise of its discretion, determines that none of the

lesser sanctions available to it would truly be appropriate." <u>Zavala Santiago v. González Rivera</u>, 553, F.2d 710, 712 (1st Cir. 1977). This case has been pending in the court's docket for more than two years. Since May 17, 2010, that is more than a year ago, petitioner has not filed anything to prosecute his case. (Docket No. 20). "Ultimately ... plaintiff is responsible for developing and prosecuting ... [his] own case." <u>Jardines Ltd. Partnership v. Executive Homesearch Realty Serv., Inc.</u>, 178 F.R.D. 365, 367 (D. Puerto Rico 1998).

More than a month has elapsed since the court issued its order to show cause as to why this case should not be dismissed, and yet petitioner has not filed anything in compliance with the court's order. This, coupled with plaintiff's total inactivity during the past year and the fact that this case's inception trails back to early 2009, leads the court to conclude that dismissal under Rule 41(b) is appropriate.[1]

WHEREFORE, for the foregoing reasons, respondents' motion to dismiss with prejudice Eduardo Perales-Sonera's petition for failure to prosecute and for failure to comply with the court's orders (Docket No. 26) is GRANTED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th of July, 2011.

s/Marcos E. López  
U.S. MAGISTRATE JUDGE

---

[1] "A district court unquestionably has the authority to dismiss a case with prejudice for want of prosecution; this power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant." <u>Zavala Santiago v. González Rivera</u>, 553, F.2d 710, 712 (1st Cir. 1977).